**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence James Halamek,<br><br>　　　　　Movant,<br><br>v.<br><br>United States of America,<br><br>　　　　　Respondent. | No. CV-21-00485-TUC-JGZ<br>No. CR-17-00477-TUC-JGZ<br><br>**ORDER** |

  On April 19, 2019, a jury found Movant Lawrence James Halamek guilty of Transportation of a Minor with Intent to Engage in Criminal Sexual Activity in violation of 18 U.S.C. § 2423(a) (Count One), and Travel with Intent to Engage in Illicit Sexual Activity in violation of 18 U.S.C. § 2423(b) (Count Two). (CR Docs. 10 and 127.)[1] Halamek received sentences of 420 months' imprisonment on Count One and 360 months' imprisonment on Count Two, with the terms to run concurrently, followed by lifetime supervised release. (CR Docs. 145, 183.)

  Now pending before the Court is Halamek's Motion to Vacate, Set Aside, or Correct Judgment and Sentence pursuant to 28 U.S.C. § 2255. (CV Doc. 1.) The Government filed a response to the Motion. (CV Doc. 5.) Upon consideration of the record and the parties' briefing, the Court will deny the Motion and the request for evidentiary hearing.

//

---

[1] Citations to "CV Doc." refer to the docket entries in the civil case: CV-21-00485-TUC-JGZ. Citations to "CR Doc." refer to the underlying criminal prosecution: CR-17-00477-TUC-JGZ.

## I. Background and Motion

The facts of the case are set forth in the Ninth Circuit's opinion affirming Halamek's conviction on direct appeal. *See United States v. Halamek*, 5 F.4th 1081, 1085–86 (9th Cir. 2021). In his § 2255 motion, Halamek asserts one ground of ineffective assistance of counsel with eight subparts. Halamek alleges his attorney (1) was not on the case long enough to fully and properly prepare for trial; (2) did not bring disclosure case files to review; (3) did not prepare him for trial; (4) went against his requests to have witnesses testify on his behalf at trial; (5) did not admit evidence on his behalf; and (6) did not "object to things on many levels especially swaying of the jury." (CV Doc. 1 at 5.) Further, Halamek alleges his attorney (7) admitted to having a prior intimate relationship with one of the prosecutors on the case and (8) told Halamek that he (the attorney) would be ineffective because of his inability to prepare in the short time he had been on the case prior to trial. (*Id.*)

The Government argues Halamek's Motion should be dismissed and his request for hearing should be denied because Halamek's allegations lack evidentiary support and are conclusory. The Government attaches to its Response the affidavit of Halamek's trial counsel refuting Halamek's claims.

## II. Discussion

### a. Legal Standards

Criminal defendants are entitled to effective assistance of counsel under the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 684–85 (1984). To prove ineffective assistance of counsel, a movant must demonstrate: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Id.* at 687. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "To prove deficient performance, the movant must show that counsel made errors so serious that performance fell below an objective standard reasonableness under prevailing professional norms." *Mak v. Blodgett*, 970 F.2d 614, 618 (9th Cir. 1992). To prove prejudice, the movant must "show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Because the defendant must prove both deficiency and prejudice, a court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697.

      **b. Analysis**

           **i. Ineffective Council**

Halamek fails to satisfy his burden under either *Strickland* prong. Halamek fails to allege specific errors that his counsel made which were so serious that his performance fell below an objective standard of prevailing professional norms. Halamek similarly fails to demonstrate that he was prejudiced by counsel's alleged deficiencies.

Halamek's allegations of ineffective assistance are vague and conclusory and do not show that Halamek is entitled to relief. *See James v. Borg,* 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."). Halamek asserts that counsel was not on the case long enough to prepare for trial, did not bring disclosure or case files for Halamek to review, and did not prepare him for trial. But Halamek does not explain how counsel was not prepared for trial, what disclosure he did not see, nor how his attorney failed to prepare him for trial. Halamek asserts that counsel went against his requests to have witnesses testify on his behalf and did not admit evidence on his behalf. But Halamek does not identify the witnesses who should have been called, the testimony they would have given, nor identify the evidence that should have been admitted. Similarly, Halamek fails to identify where his counsel failed to "object to things." (CV Doc. 1 at 5.) As a result, the Court cannot conclude that counsel's performance was deficient or that Halamek was prejudiced by this alleged deficient conduct.

Further, Halamek's unsupported allegations that his attorney admitted to having a prior intimate relationship with one of the prosecutors and predicted he would be ineffective because of insufficient time to prepare for trial, are refuted by the affidavit of

his attorney. (CV Doc. 5-1.) *See Watts v. United States*, 841 F.2d 275, 276 (9th Cir. 1989) ("Under 28 U.S.C. § 2255 a judge may hear a motion by expanding the record with documentary testimony and evidence" including affidavits of the movant's trial counsel submitted by the government.). Moreover, even if Halamek's allegation that his counsel had a relationship with the prosecutor was true, Halamek does not provide any specifics about the relationship such as the nature or recency of the relationship sufficient to show a conflict existed or that he was prejudiced by the alleged conflict. *See Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980) ("[A] defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance."). Halamek's conclusory allegations of a conflict of interest and his attorney's prediction that he would be ineffective, are refuted by the sworn affidavit of Halamek's attorney. Nonetheless, the allegations are insufficient, in and of themselves, to support a claim that counsel's performance was deficient or that Halamek was prejudiced.

Finally, weighing the conclusory and unsupported general allegations of incompetence against the strength of the evidence against Halamek at trial, the Court concludes that Halamek has failed to show that there is a reasonable probability that, if counsel committed the errors described in his motion, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694; *see also U.S. v. Hearst*, 638 F.3d 1190, 1194 (9th Cir. 1980) ("Merely conclusionary statements in a § 2255 motion are not enough to require a hearing," and factual allegations that are so palpably incredible, so patently frivolous or false, do not entitle a movant to relief.) (cleaned up).

### ii. Petition for Hearing

"A district court may . . . deny a § 2255 motion without an evidentiary hearing [if] the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *U.S. v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). "Where a prisoner's motion presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required." *Id.* Applying these standards, the Court concludes Halamek is not entitled to an evidentiary hearing.

### iii. Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability (COA) must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2255 Cases. "The district court must issue or deny a certification of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Cases. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the movant "has made a substantial showing of the denial of a constitutional right." The court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. § 2253(c)(3). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id*. Applying these standards, the Court concludes that a certificate should not issue. Resolution of this petition is not debatable among reasonable jurists.

### III.  Conclusion

Halamek fails to show that counsel made errors so serious that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688. Halamek similarly fails to demonstrate that, considering the totality of the evidence, "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

//
//
//
//
//
//

at 694–95.  Halamek is not entitled to an evidentiary hearing on his motion.

For the foregoing reasons,

**IT IS ORDERED** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (CV Doc. 1; CR Doc. 185) is **DENIED,** and the civil action opened in connection with this motion (CV 21-00485-TUC-JGZ) is **DISMISSED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.  The Clerk of Court must enter judgment accordingly and close its file in this civil action.

Dated this 5th day of August, 2022.

_____
Honorable Jennifer G. Zipps
United States District Judge